UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

JUN 2 2 2005

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| **Edward Christian Bedford,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **NO. H-03-4374** |
| | § | |
| **Port of Houston Authority,** | § | |
| **Port of Houston Authority International** | § | |
| **Corporation, CAMAC Holdings, Inc.,** | § | |
| **Arthur Anderson L.L.P.,** | § | |
| **Kase Lawal (individually),** | § | |
| **John Rydlund (individually), and** | § | |
| **John Horan (individually),** | § | **JURY TRIAL REQUESTED** |
| | § | |
| **Defendants.** | § | |

**MOTION TO ENFORCE SETTLEMENT**
**· AGREEMENT AND ARBITRATION AWARD**
**AND GRANT AN ORDER OF FINAL DISMISSAL**

Defendants, Port of Houston Authority, Port of Houston Authority International

Corporation, John Rydlund, and John Horan (collectively referred to as "Defendants"), file their

Motion to· Enforce Settlement Agreement and Arbitration Award and Grant an Order of Final

Dismissal and, in support thereof, would show the Court as follows:

**I.      SUMMARY OF ARGUMENT**

Plaintiff Edward Bedford agreed to a voluntary settlement of his lawsuit at mediation.

The terms of the mediation agreement are expressly binding on all parties. Plaintiff Bedford now

refuses to execute release documents to finalize the settlement. The Defendants seek an order

compelling Plaintiff Edward Bedford to sign the final Release and Settlement Agreement and

for dismissal of this lawsuit.

HOU:2466303.2

## II.    FACTUAL BACKGROUND

On May 10, 2005, the parties successfully mediated the above-referenced case and entered into a Binding Settlement Agreement.[1]  Under the terms of that agreement, Defendants agreed to pay Mr. Bedford and his attorneys a monetary sum in exchange for a release of all claims.  The Binding Settlement Agreement includes an arbitration provision that states:

> **AS TO THE FINALIZATION OF THE SETTLEMENT DOCUMENTS, IF ONE OR MORE DISPUTES ARISE WITH REGARD TO THE DRAFTING OR INTERPRETATION OR PERFORMANCE OF THIS AGREEMENT OR ANY OF ITS PROVISIONS, THE PARTIES AGREE AND DESIGNATE ALVIN L. ZIMMERMAN AS BINDING ARBITRATOR OF ANY DISPUTES IN THE LANGUAGE OF THIS SETTLEMENT AGREEMENT OR SETTLEMENT DOCUMENTS TO BE EXECUTED IN ACCORDANCE WITH THIS AGREEMENT . . .[2]**

Mr. Bedford voluntarily signed the Binding Settlement Agreement and initialed each page. Further, Mr. Bedford initialed the above arbitration provision.

The last paragraph of the Binding Settlement Agreement states in capitalized, bold script:

> **THIS AGREEMENT WHEN SIGNED BY THE PARTIES AND THEIR ATTORNEYS IS BINDING AND CANNOT BE REVOKED. . . . THIS AGREEMENT SERIOUSLY AFFECTS YOUR LEGAL RIGHTS.  DO NOT SIGN THIS AGREEMENT WITHOUT THE ADVICE OF YOUR ATTORNEY.[3]**

With consultation with his counsel, Mr. Bedford willingly signed the Binding Settlement Agreement.

On June 2, 2005, counsel for Defendants forwarded to Plaintiff's counsel the Final Release and Settlement Agreement to be executed by Mr. Bedford embodying the terms of the Binding Settlement Agreement.[4]  On June 10, 2005, counsel for Defendants notified Plaintiff's

---

[1]  The Binding Settlement Agreement is attached hereto as Exhibit A.
[2]  Exhibit A at ¶ 6 (emphasis in original).
[3]  Exhibit A at ¶ 10 (emphasis in original).
[4]  The Binding Settlement Agreement and Final Release and Settlement Agreement are separate documents embodying the same terms and obligations.  As the Court will note, the Binding Settlement Agreement contains

counsel that settlement checks had arrived and were available upon receipt of the executed

settlement papers.  Notwithstanding the above, Mr. Bedford refused to sign the Final Release and

Settlement Agreement.

In accordance with the arbitration provision of the Binding Settlement Agreement,

Defendants referred the matter to the appointed binding arbitrator, Alvin L. Zimmerman.[5]  In

response to his inquiry, counsel for Mr. Bedford wrote to Mr. Zimmerman as follows:

> **The reason stated by Mr. Bedford for his refusal to sign the settlement
> documents is that the settlement agreement provided to him by Dwight
> Jefferson via fax (despite having his initials appearing on each page and
> having signed it along with everyone else) is not the same document he signed
> on the day of the mediation.  In other words, it was altered in some way.**
>
> **Obviously, this is not true and he unreasonably refuses to consummate the
> settlement.**[6]

Mr. Zimmerman issued a final ruling ordering Mr. Bedford to sign the Final Release and

Settlement Agreement no later than 5:00 p.m. on June 16.[7]  To date, Mr. Bedford still refuses to

sign the Final Release and Settlement Agreement.

Mr. Zimmerman's ruling further stated that should Mr. Bedford refuse to sign the Final

Release and Settlement Agreement as ordered, Mr. Bedford would be obliged to pay "such

expenses, costs, and attorneys' fees of defendants to enforce the Mediated Settlement Agreement

as provided by law."[8]

## III.    ARGUMENT AND AUTHORITIES

There is no credible basis for Plaintiff Edward Bedford to refuse to sign the final Release

and Settlement Agreement.  He knowingly and voluntarily agreed to the terms of the settlement

---

numerous handwritten notations.  The Final Release and Settlement Agreement is simply a cleaner and more concise
version of the terms contained therein.  The Final Release and Settlement Agreement is attached hereto as Exhibit B.
[5] *See* Exhibit A at ¶ 6.  Mr. Locke's June 14 letter to Mr. Zimmerman requesting an arbitration ruling is attached
hereto as Exhibit C.
[6] June 15 letter from Mr. Hankins to Mr. Zimmerman, attached hereto as Exhibit D.
[7] Mr. Zimmerman's June 15 ruling is attached hereto as Exhibit E.
[8] *Id.*

at mediation.  His assertion of "not the same document he signed on the day of mediation" [9] is false and offensive to Defendants and their counsel.  Even Mr. Bedford's attorneys characterize this assertion as "not true" and admit that he "unreasonably refuses to consummate the settlement".[10]

The Defendants have incurred delay and expense resulting from Mr. Bedford's actions. Defendants' counsel has engaged in considerable time and effort trying to get Mr. Bedford's signature and dismissal of this case.  Reasonable and necessary expenses incurred by the Defendants presently exceed $1,500 for the numerous attempts to resolve this issue, the arbitration, and the filing and prosecution of this motion.  Defendants are entitled to recover the same and are further entitled to any other relief this Court may grant.

WHEREFORE, PREMISES CONSIDERED, Defendants, Port of Houston Authority, Port of Houston Authority International Corporation, John Horan, and John Rydlund ask that the Court grant their Motion to Enforce Settlement Agreement and Arbitration Award and Grant an Order of Final Dismissal, award Defendants their expenses, costs and attorneys' fees in the amount of $1,500.00, order a final dismissal of this lawsuit with prejudice as to all defendants (in all capacities), and for such other and further relief to which they may show themselves justly entitled.

---

[9] Exhibit D.  Mr. Hankins' letter to Mr. Zimmerman of June 15.
[10] *Id.*

Respectfully submitted,

By: _____

Gene L. Locke
Texas State Bar No. 12461900
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Facsimile:   (713) 238-4285

OF COUNSEL:
Sylvia Matthews Egner
Texas State Bar No. 13226900
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4717
Facsimile:   (713) 238-7369

ATTORNEY IN CHARGE FOR
DEFENDANTS PORT OF HOUSTON
AUTHORITY, PORT OF HOUSTON
AUTHORITY INTERNATIONAL
CORPORATION, JOHN RYDLUND, and
JOHN HORAN

## CERTIFICATE OF CONFERENCE

I certify that Defendant's counsel had discussions with Plaintiff's counsel, Grover Hankins, prior to the filing of this motion.  Mr. Hankins is not opposed to the filing of this motion.

_____
Gene L. Locke

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the following counsel of record as listed on  June 22, 2005:

Grover G. Hankins                          ***Via Certified Mail, Return Receipt Requested***
THE HANKINS LAW FIRM                        ***CMRRR***
616 W. Main St.
League City, Texas 77573

Dwight E. Jefferson                         ***Via Regular Mail***
ATTORNEY AT LAW
12 Greenway Plaza, Suite 1550
Houston, Texas 77046

Grant Cook                                  ***Via Regular Mail***
THOMPSON & KNIGHT LLP
Three Allen Center
333 Clay Street, Suite 2300
Houston, Texas 77002-4499

David H. Brown                              ***Via Regular Mail***
VINSON & ELKINS, LLP
1001 Fannin, Suite 2300
Houston, Texas 77002

_____
Gene L. Locke

HOU:2466303.2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EDWARD CHRISTIAN BEDFORD          §
                                  §
V.                                §          C.A. H-03-4374
                                  §
PORT OF HOUSTON AUTHORITY,        §
PORT OF HOUSTON AUTHORITY         §
INTERNATIONAL CORPORATION,        §
CAMAC HOLDINGS, INC.,             §
ARTHUR ANDERSEN, L.L.P.,          §
KASE LAWAL (Individually),        §
JOHN RYDLUND (Individually),      §
and JOHN HORAN (Individually)     §

┌─────────────────┐
│    EXHIBIT      │
│                 │
│      A          │
│                 │
└─────────────────┘

**BINDING SETTLEMENT AGREEMENT**

**THIS AGREEMENT IS BINDING ON THE PARTIES AND IS NOT SUBJECT TO REVOCATION.**

1.    The terms and conditions of this settlement are as follows:
   A. Plaintiff will dismiss with prejudice his suit - all parties
   B. Each side pays their own attorney's fees and expenses
   C. Subject to Port of Houston Commission approval, the Port
      will settle this suit for $45,000 paid within 30 days
      after May 10, 2005 Commission (if full approval)
   D. The settlement terms are confidential, subject
      to requirements of law.
   E. The suit and all actions will stay its in this suit.

   * Separate motions/orders of dismissal - one for the
     Port of Houston Authority, and another one for
     all other defendants.

2.    The parties hereto acknowledge that each has the authority to execute this document to be fully binding on behalf of the person or entity indicated( Port authority also must - must approve Port Authority approve and will recommend his settlement.

3.    The parties agree to release, discharge, and forever hold the other harmless from any and all claims, demands, or suits, known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted in the above case, as of this date, arising from or related to the events and transactions which are the subject matter of this case.
                                                                                          and its insurers

   This mutual release runs to the benefit of all attorneys, agents, employees, officers, directors, shareholders, subsidiaries and partners of the parties.    "Party" as used in this release includes all named parties to this case, as well as _____, and all related entities of the parties.

4.   Each signatory hereto warrants and represents:

_✓_ (a) he or she has authority to bind the parties for whom that signatory acts. (subject to Port Arthur approval.

___ (b) the claims, suits, rights, and/or interests which are the subject matter hereto are owned by the party asserting same and have not been assigned, transferred, or sold and are free of encumbrance.

5.   _Gene Locke_____ shall deliver drafts of any further settlement documents to the other parties by _May 23, 2005_. The parties agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the terms and spirit of this agreement.

6.   AS TO THE FINALIZATION OF THE SETTLEMENT DOCUMENTS, IF ONE OR MORE DISPUTES ARISE WITH REGARD TO THE DRAFTING OR INTERPRETATION OR PERFORMANCE OF THIS AGREEMENT OR ANY OF ITS PROVISIONS, THE PARTIES AGREE AND DESIGNATE ALVIN L. ZIMMERMAN AS BINDING ARBITRATOR OF ANY DISPUTES IN THE LANGUAGE OF THIS SETTLEMENT AGREEMENT OR SETTLEMENT DOCUMENTS TO BE EXECUTED IN ACCORDANCE WITH THIS AGREEMENT, AND THE PARTIES AGREE THAT THE PARTIES SHALL PAY THEIR PRO RATA SHARE OF THE ARBITRATOR'S FEE UPON RECEIPT OF AN INVOICE FROM ALVIN L. ZIMMERMAN. EITHER PARTY MAY REQUEST ALVIN L. ZIMMERMAN TO ACT IN HIS CAPACITY AS ARBITRATOR BY NOTIFYING HIM AND THE OTHER PARTY IN WRITING OF THE EXACT NATURE OF THE DISPUTE AND THE SOLUTION PROPOSED. THE OTHER SIDE(S) WILL HAVE FIVE (5) DAYS TO RESPOND. ALVIN L. ZIMMERMAN OR ANY PARTY MAY REQUEST A TELECONFERENCE OR LIVE HEARING ON THE DISPUTE. UPON REQUEST FROM EITHER PARTY, THE TIME MAY BE EXTENDED OR SHORTENED AS DECIDED BY ALVIN L. ZIMMERMAN. THE DECISION OF ALVIN L. ZIMMERMAN SHALL BE BINDING ON THE PARTIES. _CCb_ (Initial Plaintiffs) _____ (Initial Defendants)

7.   This agreement is made and performable in Harris County, Texas, and shall be construed in accordance with the laws of the state of Texas.

8.   Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals of his or her choice. Each party hereto has been advised by the mediator that the mediator is not the attorney for any party and that each party should have this agreement reviewed by that party's attorney prior to executing same.

9.   Each party's attorney, not the mediator, is solely responsible to insure all essential terms of the settlement are incorporated into this Agreement.

10.  THIS AGREEMENT WHEN SIGNED BY THE PARTIES AND THEIR ATTORNEYS IS BINDING AND CANNOT BE REVOKED AND IS A RULE 11 (TRCP) AGREEMENT. THIS AGREEMENT SERIOUSLY AFFECTS YOUR LEGAL RIGHTS. DO NOT SIGN THIS AGREEMENT WITHOUT THE ADVICE OF YOUR ATTORNEY.

Plaintiff(s):                                             Defendant(s):

_Grover G. Hankins_                       _____ Atty for

_____                                          _Case (Mwnl_

_____                                          _Matthews Es_

5/10/2005  approved                  for The Port of Houston Authority,
                                             DOHAIC, John Horm, John Rydland
_____                                          Gene L. Locke for PHA, POHA
                                             John Horm, John Rydland

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Edward Christian Bedford, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | NO. H-03-4374 |
| | § | |
| Port of Houston Authority, | § | |
| Port of Houston Authority International | § | |
| Corporation, CAMAC Holdings, Inc., | § | |
| Arthur Andersen L.L.P., | § | |
| Kase Lawal (individually), | § | |
| John Rydlund (individually), and | § | |
| John Horan (individually), | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

## FINAL RELEASE AND SETTLEMENT AGREEMENT

This Final Release and Settlement Agreement is executed in multiple originals on June __, 2005.

"Releasing Party" means Edward Christian Bedford and his successors, assigns, and heirs.

"Released Parties" means Port of Houston Authority ("POHA") and all POHA commissioners; Port of Houston Authority International Corporation ("POHAIC") and all of its directors and officers; CAMAC Holdings, Inc.; John Rydlund (individually and in his official capacity); John Horan (individually and in his official capacity); and Kase Lawal (individually and in his official capacity).

Releasing Party alleged he suffered damages or injuries as a result of POHA establishing a consulting business through POHAIC, without providing any compensation to him. In the Complaint filed in the above-styled lawsuit (the "Lawsuit"), Releasing Party asserted causes of

1



action for Civil Rights violations, RICO violations, misappropriation of trade secrets, negligent misrepresentation, breach of implied contract, fraud, state taking, theft of property, theft of services, and theft of trade secrets. Releasing Party has also asserted a claim for attorneys' fees. Releasing Party's claims are more fully set forth in Releasing Party's pleadings, which are incorporated by reference. Released Parties appeared through their counsel of record and denied all of the allegations of Releasing Party.

The Releasing Party recognizes that there is considerable doubt, disagreement, and uncertainty about the liability of the Released Parties and about whether the Released Parties are liable for any amount of the damages alleged in the Lawsuit. Releasing Party further recognizes that there is further doubt, disagreement, uncertainty, and controversy about the existence, nature, severity, and degree of the damages alleged by the Releasing Party. Released Parties, denying any liability, but acting only in the interest of peace and of avoiding the expense and uncertainty of further litigation, hereby make the following Final Release and Settlement Agreement with Releasing Party and his attorneys.

In consideration for the release, covenants, promises, and representations set forth below, Port of Houston Authority agrees to pay jointly to Edward Christian Bedford and his attorneys, Grover G. Hankins and Dwight E. Jefferson, the total sum of FORTY-FIVE THOUSAND AND NO/100 DOLLARS ($45,000.00).

The Releasing Party agrees to indemnify and defend Released Parties forever against any third-party claims, loss, expense, damage, and/or attorneys' fees arising out of or connected with any claim relating to the conduct or claims made the basis of the Lawsuit. This indemnity agreement shall apply regardless of the degree of fault, negligence, or culpable conduct alleged against or attributed to Released Parties.

2

In consideration for the payment described above and other good and valuable consideration, Releasing Party irrevocably and unconditionally releases, discharges, and forever holds harmless Released Parties, and all of their commissioners, directors, officers, agents, employees, attorneys, affiliated companies, subsidiaries, parent corporations, legal representatives, heirs, assigns, insurance carriers, predecessors, indemnitors, and all other entities that may be liable for the acts or omissions of the Released Parties of and from any and all claims, demands, and causes of action arising out of or in any way connected with any claims, demands, causes of action, liabilities, obligations, lawsuits, judgments, attorneys' fees, liens of any kind, or charges of any kind or nature whatsoever, whether based in tort, contract, debt, warranty, or other statutory or common law form of action, whether in law, equity, or any other form, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, fixed or contingent, that exist now or may exist in the future, liquidated or unliquidated, that were or could have been asserted in the Lawsuit, and for all losses and damages of any kind, including, but not limited to, actual damages, incidental damages, economic damages, loss of use, loss of credit, loss of reputation, mental anguish, lost profits, attorneys' fees, and exemplary damages, sustained by Releasing Party as a result of the conduct or claims made the basis of the Lawsuit.

The Releasing Party also represents the following to the Released Parties: 1) the Releasing Party understands that this Agreement is a full, complete, and final release of the Released Parties; and 2) the Releasing Party understands that the $45,000.00 payment described in this Agreement is all the money that is to be paid by or on behalf of the Released Parties to the Releasing Party as a result of the conduct or claims made the basis of the Lawsuit.

The Releasing Party agrees to file motions to dismiss with prejudice (with proposed order) the Released Parties from the Lawsuit.

3

For the same consideration, Releasing Party and his attorneys agree to keep confidential and secret the amount of consideration paid under the terms of this Agreement, and the details of this Agreement, except disclosure that is required by law or court order. Releasing Party and his attorneys also agree that this secrecy agreement applies not only to Releasing Party, but also to the family of Releasing Party and to all employees and members of the law firms of Releasing Party's counsel. Further, Releasing Party and his attorneys expressly agree to decline comment on any aspect of this settlement or lawsuit to any member of the news media or public, unless required by law or permitted by Released Parties.

Edward Christian Bedford represents to the Released Parties that he is over 21 years of age and is competent to make this Final Release and Settlement Agreement. Edward Christian Bedford understands that this is a complete and final release of his claims against Released Parties. Edward Christian Bedford is entering into this Final Release and Settlement Agreement freely and voluntarily, upon the advice of his attorneys. No promises or representations, or statements of Released Parties, other than those contained herein, have influenced Edward Christian Bedford in the making of the Final Release and Settlement Agreement. Edward Christian Bedford represents that he does not claim to have sustained any injuries, losses, or damages other than those alleged in his most recent pleading, and Edward Christian Bedford intends this Final Release and Settlement Agreement to be the final and conclusive settlement of any and all of his claims against Released Parties.

IN WITNESS WHEREOF, the parties hereto have executed this Final Release and Settlement Agreement on this the _____ day of June, 2005.

_____
Edward Christian Bedford

4

STATE OF TEXAS          )
                        )
COUNTY OF HARRIS        )

BEFORE ME, the undersigned authority, on this day personally appeared Edward Christian Bedford, who, being by me duly sworn, on his oath stated that he has read the above and foregoing Final Release and Settlement Agreement, that he understands it, and that he executed it for the purposes of consideration stated in it.

SWORN TO AND SUBSCRIBED BEFORE ME this _____ day of June, 2005.


_____
Notary Public, State of Texas




I hereby certify that I have fully and completely explained the foregoing Final Release and Settlement Agreement to Edward Christian Bedford, and that he has read and signed it in my presence; and that all legal fees and expenses will be received by the undersigned counsel out of the consideration recited in the Final Release and Settlement Agreement, or from Edward Christian Bedford, directly, but not from the Released Parties.

THE HANKINS LAW FIRM


By:_____
GROVER G. HANKINS
Attorney for Plaintiff,
Edward Christian Bedford

DATE: _____

5

DWIGHT E. JEFFERSON
   ATTORNEY AT LAW, PLLC


By:_____

DWIGHT E. JEFFERSON
Attorney for Plaintiff,
Edward Christian Bedford

DATE: _____



**ANDREWS**
ATTORNEYS **KURTH** LLP

Andrews & Kurth L.L.P.
600 Travis, Suite 4200
Houston, Texas 77002
713.220.4200 Phone
713.220.4285 Fax
andrewskurth.com
Gene L. Locke
713.220.3956 Direct
713.238.7294 Fax
GLocke@andrewskurth.com

June 14, 2005

*__Via Messenger__*
Mr. Alvin L. Zimmerman
Zimmerman, Axlerad,
 Meyer, Stern & Wise, P.C.
3040 Post Oak Blvd., Suite 1300
Houston, TX  77036

Re:   C.A. No. H-03-4374; *Edward Christian Bedford v. Port of Houston Authority, et al*; In the United States District Court for the Southern District of Texas, Houston Division

Dear Alvin:

A dispute has arisen regarding the settlement of the above referenced matter.  Based on the dispute resolution provision in the Binding Settlement Agreement, Defendants bring this matter to your attention.  A copy of the Binding Settlement Agreement, executed at the conclusion of mediation, is enclosed for your reference.

On June 2, 2005, counsel for Defendants forwarded to Plaintiff's counsel a Final Release and Settlement Agreement to be executed by Mr. Bedford.  A copy is also enclosed for your reference.  On June 10, 2005, counsel for Defendants notified Plaintiff's counsel that the settlement check had arrived and was available upon receipt of the executed settlement papers.

During conversations last week, counsel for Plaintiff sought Defendants' agreement that he could use his "Power of Attorney" to execute the settlement agreement rather than Mr. Bedford signing it.  Based on conversations with Mr. Hankins, there appears to be a potential dispute with Mr. Bedford regarding the authenticity of the Binding Settlement Agreement.

The Port cannot agree to release the settlement check under these circumstances.  Defendants request that you act as an arbitrator to decide the matter and, if appropriate, order Mr. Bedford to sign the settlement documents as drafted, or rule on the authenticity, enforceability, and meaning of the Binding Settlement Agreement.  Defendants also seek any other relief to which they may be justly entitled.

It is my understanding that the other side will have five days to respond to this letter.

**EXHIBIT**
*C*

HOU:2463956.1

Austin      Dallas      Houston      London      Los Angeles      New York      The Woodlands      Washington, DC

Mr. Alvin L. Zimmerman
June 14, 2005
Page 2

I appreciate your attention to this matter.   Defendants are available for teleconference or other hearing that you may deem necessary.

Very truly yours,

Gene L. Locke

GLL/kh

Enclosures

cc:    Mr. Grover Hankins                                   **Via Facsimile**
       The Hankins Law FIRM
       616 W. Main Street
       League City, TX 77573

       Mr. Dwight Jefferson                         **Via Facsimile**
       Dwight E. Jefferson, Attorney at Law, PLLC
       1550 Summit Plaza West
       Twelve Greenway Plaza
       Houston, TX  77046

       Mr. Grant Cook                               **Via Facsimile**
       Thompson & Knight LLP
       333 Clay Street, Suite 3300
       Houston, Texas 77002

       Mr. David H. Brown                       **Via Facsimile**
       Vinson & Elkins, LLP
       2300 First City Tower
       1001 Fannin
       Houston, Texas 77002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD CHRISTIAN BEDFORD | § | |
| | § | |
| V. | § | C.A. H-03-4374 |
| | § | |
| PORT OF HOUSTON AUTHORITY, | § | |
| PORT OF HOUSTON AUTHORITY | § | |
| INTERNATIONAL CORPORATION, | § | |
| CAMAC HOLDINGS, INC., | § | |
| ARTHUR ANDERSEN, L.L.P., | § | |
| KASE LAWAL (Individually), | § | |
| JOHN RYDLUND (Individually), | § | |
| and JOHN HORAN (Individually) | § | |

## BINDING SETTLEMENT AGREEMENT

### THIS AGREEMENT IS BINDING ON THE PARTIES AND IS NOT SUBJECT TO REVOCATION.

1.     The terms and conditions of this settlement are as follows:

A. Plaintiff will dismiss with prejudice his suit - all attorneys

B. Each side pays their own attorney fees and expenses

C. Subject to Port of Houston commission approval, the Port will settle this the for $45,000 paid within 30 days after the May 10, 2005 commission (fully approved)

D. All settlement terms are confidential subject to requirement of law.

E. The suit and all actions will stop its — this suit.

★ Separate motions/orders of dismissal - one for the Port of Houston Authority, and another one for all other defendants.

2.     The parties hereto acknowledge that each has the authority to execute this document to be fully binding on behalf of the person or entity indicated: (Port authority also subject must obtain Port Authority approval as well recommend this settlement.)

3.     The parties agree to release, discharge, and forever hold the other harmless from any and all claims, demands, or suits, known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted in the above case, as of this date, arising from or related to the events and transactions which are the subject matter of this case.

This mutual release runs to the benefit of all attorneys, agents, employees, officers, directors, shareholders, subsidiaries and partners of the parties.   "Party" as used in this release includes all named parties to this case, as well as _____, and all related entities of the parties.

4.   Each signatory hereto warrants and represents:

✓ (a) he or she has authority to bind the parties for whom that signatory acts. *subject to Port Arthur approval.*

___ (b) the claims, suits, rights, and/or interests which are the subject matter hereto are owned by the party asserting same and have not been assigned, transferred, or sold and are free of encumbrance.

5.   *Gene Locke* ___ shall deliver drafts of any further settlement documents to the other parties by *May 23, 2005*. The parties agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the terms and spirit of this agreement.

6.   **AS TO THE FINALIZATION OF THE SETTLEMENT DOCUMENTS, IF ONE OR MORE DISPUTES ARISE WITH REGARD TO THE DRAFTING OR INTERPRETATION OR PERFORMANCE OF THIS AGREEMENT OR ANY OF ITS PROVISIONS, THE PARTIES AGREE AND DESIGNATE ALVIN L. ZIMMERMAN AS BINDING ARBITRATOR OF ANY DISPUTES IN THE LANGUAGE OF THIS SETTLEMENT AGREEMENT OR SETTLEMENT DOCUMENTS TO BE EXECUTED IN ACCORDANCE WITH THIS AGREEMENT, AND THE PARTIES AGREE THAT THE PARTIES SHALL PAY THEIR PRO RATA SHARE OF THE ARBITRATOR'S FEE UPON RECEIPT OF AN INVOICE FROM ALVIN L. ZIMMERMAN. EITHER PARTY MAY REQUEST ALVIN L. ZIMMERMAN TO ACT IN HIS CAPACITY AS ARBITRATOR BY NOTIFYING HIM AND THE OTHER PARTY IN WRITING OF THE EXACT NATURE OF THE DISPUTE AND THE SOLUTION PROPOSED. THE OTHER SIDE(S) WILL HAVE FIVE (5) DAYS TO RESPOND. ALVIN L. ZIMMERMAN OR ANY PARTY MAY REQUEST A TELECONFERENCE OR LIVE HEARING ON THE DISPUTE. UPON REQUEST FROM EITHER PARTY, THE TIME MAY BE EXTENDED OR SHORTENED AS DECIDED BY ALVIN L. ZIMMERMAN. THE DECISION OF ALVIN L. ZIMMERMAN SHALL BE BINDING ON THE PARTIES.** *CCb* (Initial Plaintiffs) ___ (Initial Defendants)

7.   This agreement is made and performable in Harris County, Texas, and shall be construed in accordance with the laws of the state of Texas.

8.   Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals of his or her choice. Each party hereto has been advised by the mediator that the mediator is not the attorney for any party and that each party should have this agreement reviewed by that party's attorney prior to executing same.

9.   Each party's attorney, not the mediator, is solely responsible to insure all essential terms of the settlement are incorporated into this Agreement.

10.   **THIS AGREEMENT WHEN SIGNED BY THE PARTIES AND THEIR ATTORNEYS IS <u>BINDING AND CANNOT BE REVOKED</u> AND IS A RULE 1I (~~TRCP~~) AGREEMENT. THIS AGREEMENT SERIOUSLY AFFECTS YOUR LEGAL RIGHTS. DO NOT SIGN THIS AGREEMENT WITHOUT THE ADVICE OF YOUR ATTORNEY.**

Plaintiff(s):

_Grover G. Hankins_

_5/10/2005 approved_

W:\File\ALT\MEDIA TE\Bedford-13305\bsa.wpd - May 6, 2005

-2-

Defendant(s):

_Chet Clem - ATN for_

_LASE (AWBL_

_Matthews Ep_

for The Port of Houston Authority, DOHAIC, John Hrrm, John Rydlund

_Gene L. Locke_ for PHA, POHA?

John Horany, John Rydlund


**ANDREWS**
ATTORNEYS  **KURTH** LLP

600 Travis, Suite 4200
Houston, Texas 77002
713.220.4200 Phone
713.220.4285 Fax
andrewskurth.com

Sylvia Matthews Egner
713.220.4717 Direct
713.220.4285 Fax
sylviaegner@andrewskurth.com

June 2, 2005

Mr. Grover Hankins                                    **Via Facsimile and U.S. Mail**
THE HANKINS LAW FIRM
616 W. Main Street
League City, TX 77573

Re:    No. H-03-4374; *Edward Christian Bedford v. Port of Houston Authority, et al.*; In
       the United States District Court for the Southern District of Texas, Houston
       Division

Dear Grover:

       Enclosed for your review are the following:

       1.     Stipulation of Dismissal With Prejudice of Defendant Port of Houston Authority;

       2.     Stipulation of Dismissal With Prejudice of Defendants Port of Houston Authority
International Corporation, John Rydlund, John Horan, and Kase Lawal (in all capacities);

       3.     Three originals of the Final Release and Settlement Agreement.

       If the documents meet your approval, please have your client review and sign the Final
Release and Settlement Agreement where indicated, have his signature notarized, and then
forward the originals back to me.  If you will sign the Stipulations of Dismissal, I will file them
with the Court.

       The settlement check will be forwarded as soon as I receive it.  I appreciate your
cooperation in this matter.

                                           Yours very truly,

                                           Sylvia Matthews Egner

SME/tc
Enclosures

HOU:2454645.1

Austin      Dallas      Houston      London      Los Angeles      New York      The Woodlands      Washington, DC

Mr. Grover Hankins
June 2, 2005
Page 2


cc:    Dwight E. Jefferson    *(via Facsimile)*
        Grant Cook           *(w/enclosures)*
        David H. Brown      *(w/enclosures)*
        Gene Locke           *(w/ enclosures)*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Edward Christian Bedford, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **NO. H-03-4374** |
| | § | |
| Port of Houston Authority, | § | |
| Port of Houston Authority International | § | |
| Corporation, CAMAC Holdings, Inc., | § | |
| Arthur Andersen L.L.P., | § | |
| Kase Lawal (individually), | § | |
| John Rydlund (individually), and | § | |
| John Horan (individually), | § | **JURY TRIAL REQUESTED** |
| | § | |
| **Defendants.** | § | : |

## STIPULATION OF DISMISSAL WITH PREJUDICE OF
## DEFENDANT PORT OF HOUSTON AUTHORITY

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, Plaintiff Edward

Christian Bedford stipulates to the dismissal with prejudice of all of Plaintiff's claims and causes

of action asserted in this lawsuit against Defendant Port of Houston Authority, and in support

would show that Plaintiff no longer wishes to pursue this matter against Defendant Port of

Houston Authority.

WHEREFORE, Plaintiff prays that his claims asserted in this lawsuit against Defendant

Port of Houston Authority be dismissed with prejudice, and that each party bear their own

attorneys' fees and costs of court.

DATED: _____          Respectfully submitted,


By:_____
GROVER G. HANKINS
Texas State Bar No. 00795895
THE HANKINS LAW FIRM
616 W. Main Street
League City, Texas  77573
Telephone:  281.316.9551
Fax:  281.316.9552

HOU:2452117.1

Attorney-in-Charge for Plaintiff
EDWARD CHRISTIAN BEDFORD

AGREED:

By:_____
GRANT COOK
Texas State Bar No. 04732000
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone:  (713)654-8111
Facsimile:  (713)543-1871

Attorney-in-Charge for Defendants,
CAMAC HOLDINGS, INC. AND KASE LAWAL
(IN HIS INDIVIDUAL CAPACITY)


By:_____
GENE L. LOCKE
Texas State Bar No. 12461900
SYLVIA MATTHEWS EGNER
Texas State Bar No. 13226900
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4717
Facsimile:  (713) 238-7369

Attorney In Charge For Defendants
PORT OF HOUSTON AUTHORITY, PORT OF
HOUSTON AUTHORITY INTERNATIONAL
CORPORATION, JOHN RYDLUND, JOHN
HORAN, AND KASE LAWAL (IN HIS OFFICIAL
CAPACITY)

and

DAVID H. BROWN
VINSON & ELKINS, LLP
2300 First City Tower
1001 Fannin
Houston, Texas 77002
Telephone:  (713) 758-2222
Facsimile:  (713) 615-5308

ATTORNEYS FOR THE PORT
OF HOUSTON AUTHORITY

2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the following counsel of record as listed on May ____, 2005.

Grover G. Hankins                    *Via Regular Mail*
THE HANKINS LAW FIRM
616 W. Main St.
League City, Texas 77573

Dwight E. Jefferson                  *Via Regular Mail*
DWIGHT E. JEFFERSON,
ATTORNEY AT LAW, PLLC
12 Greenway Plaza, Suite 1550
Houston, Texas 77046

Grant Cook                           *Via Regular Mail*
THOMPSON & KNIGHT LLP
Three Allen Center
333 Clay Street, Suite 2300
Houston, Texas  77002-4499

David H. Brown                       *Via Regular Mail*
VINSON & ELKINS, LLP
1001 Fannin, Suite 2300
Houston, Texas 77002


_____
Sylvia Matthews Egner

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **Edward Christian Bedford,** | § | |
| | § | |
| **Plaintiff,** | § | **NO. H-03-4374** |
| **v.** | § | |
| | § | |
| **Port of Houston Authority, et al.,** | § | **JURY TRIAL REQUESTED** |
| | § | |
| **Defendants.** | § | |

## ORDER GRANTING DISMISSAL WITH PREJUDICE OF
## DEFENDANT PORT OF HOUSTON AUTHORITY

On this day the Stipulation of Dismissal With Prejudice of Edward Christian Bedford came on for consideration by the Court.  The Court, having considered the matter, finds and concludes that all claims and causes of action asserted in this lawsuit by Plaintiff Edward Christian Bedford against Defendant Port of Houston Authority should be dismissed with prejudice, with each party to bear their own attorneys' fees and costs of court.

Therefore, it is ORDERED that all of Plaintiff Edward Christian Bedford's claims and causes of action against Defendant Port of Houston Authority are dismissed with prejudice.

It is further ORDERED that all attorneys' fees and costs of court are to be borne by the party incurring the same.

SIGNED this _____ day of _____, 2005.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Edward Christian Bedford, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. H-03-4374 |
| | § | |
| Port of Houston Authority, | § | |
| Port of Houston Authority International | § | |
| Corporation, CAMAC Holdings, Inc., | § | |
| Arthur Andersen L.L.P., | § | |
| Kase Lawal (individually), | § | |
| John Rydlund (individually), and | § | |
| John Horan (individually), | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

STIPULATION OF DISMISSAL WITH PREJUDICE OF
DEFENDANTS PORT OF HOUSTON AUTHORITY INTERNATIONAL
CORPORATION, JOHN RYDLUND, JOHN HORAN,
AND KASE LAWAL (IN ALL CAPACITIES)

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, Plaintiff Edward

Christian Bedford stipulates to the dismissal with prejudice of all of Plaintiff's claims and causes

of action asserted in this lawsuit against Defendants Port of Houston Authority International

Corporation; John Rydlund (individually and in his official capacity); John Horan (individually

and in his official capacity); and Kase Lawal (individually and in his official capacity) and in

support would show that Plaintiff no longer wishes to pursue this matter against these

Defendants.

WHEREFORE, Plaintiff prays that his claims asserted in this lawsuit against Defendants

Port of Houston Authority International Corporation; John Rydlund (individually and in his

official capacity); John Horan (individually and in his official capacity); and Kase Lawal

(individually and in his official capacity) be dismissed with prejudice, and that each party bear their own attorneys' fees and costs of court.

DATED: _____          Respectfully submitted,

                                 By:_____
                                 GROVER G. HANKINS
                                 Texas State Bar No. 00795895
                                 THE HANKINS LAW FIRM
                                 616 W. Main Street
                                 League City, Texas 77573
                                 Telephone: 281.316.9551
                                 Fax: 281.316.9552
                                 Attorney-in-Charge for Plaintiff
                                 EDWARD CHRISTIAN BEDFORD

AGREED:

By:_____
GRANT COOK
Texas State Bar No. 04732000
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone: (713)654-8111
Facsimile: (713)543-1871

Attorney-in-Charge for Defendants,
CAMAC HOLDINGS, INC. AND KASE LAWAL
(IN HIS INDIVIDUAL CAPACITY)

By:_____
GENE L. LOCKE
Texas State Bar No. 12461900
SYLVIA MATTHEWS EGNER
Texas State Bar No. 13226900
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4717
Facsimile: (713) 238-7369

2

Attorney In Charge For Defendants
PORT OF HOUSTON AUTHORITY, PORT OF
HOUSTON AUTHORITY INTERNATIONAL
CORPORATION, JOHN RYDLUND, JOHN
HORAN, AND KASE LAWAL (IN HIS OFFICIAL
CAPACITY)

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the following counsel of record as listed on June ____, 2005.

| | |
|---|---|
| Grover G. Hankins<br>THE HANKINS LAW FIRM<br>616 W. Main St.<br>League City, Texas 77573 | *Via Regular Mail* |
| Dwight E. Jefferson<br>DWIGHT E. JEFFERSON,<br>    ATTORNEY AT LAW, PLLC<br>12 Greenway Plaza, Suite 1550<br>Houston, Texas 77046 | *Via Regular Mail* |
| Grant Cook<br>THOMPSON & KNIGHT LLP<br>Three Allen Center<br>333 Clay Street, Suite 2300<br>Houston, Texas  77002-4499 | *Via Regular Mail* |

 

_____
Sylvia Matthews Egner

4

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Edward Christian Bedford, | § | |
| | § | |
| Plaintiff, | § | NO. H-03-4374 |
| v. | § | |
| | § | |
| Port of Houston Authority, et al., | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DISMISSAL WITH PREJUDICE OF DEFENDANTS PORT OF HOUSTON AUTHORITY INTERNATIONAL CORPORATION, JOHN RYDLUND, JOHN HORAN, AND KASE LAWAL (IN ALL CAPACITIES)

On this day the Stipulation of Dismissal With Prejudice of Edward Christian Bedford came on for consideration by the Court. The Court, having considered the matter, finds and concludes that all claims and causes of action asserted in this lawsuit by Plaintiff Edward Christian Bedford against Defendants Port of Houston Authority International Corporation; John Rydlund (individually and in his official capacity); John Horan (individually and in his official capacity); and Kase Lawal (individually and in his official capacity) should be dismissed with prejudice, with each party to bear their own attorneys' fees and costs of court.

Therefore, it is ORDERED that all of Plaintiff Edward Christian Bedford's claims and causes of action against Defendants Port of Houston Authority International Corporation; John Rydlund (individually and in his official capacity); John Horan (individually and in his official capacity); and Kase Lawal (individually and in his official capacity) are dismissed with prejudice.

It is further ORDERED that all attorneys' fees and costs of court are to be borne by the party incurring the same.

SIGNED this _____ day of _____, 2005.

_____

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Edward Christian Bedford, | § | |
| | § | |
| Plaintiff, | § | |
| | § | NO. H-03-4374 |
| v. | § | |
| | § | |
| Port of Houston Authority, | § | |
| Port of Houston Authority International | § | |
| Corporation, CAMAC Holdings, Inc., | § | |
| Arthur Andersen L.L.P., | § | |
| Kase Lawal (individually), | § | |
| John Rydlund (individually), and | § | |
| John Horan (individually), | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |

FINAL RELEASE AND SETTLEMENT AGREEMENT

This Final Release and Settlement Agreement is executed in multiple originals on June

__, 2005.

"Releasing Party" means Edward Christian Bedford and his successors, assigns, and

heirs.

"Released Parties" means Port of Houston Authority ("POHA") and all POHA

commissioners; Port of Houston Authority International Corporation ("POHAIC") and all of its

directors and officers; CAMAC Holdings, Inc.; John Rydlund (individually and in his official

capacity); John Horan (individually and in his official capacity); and Kase Lawal (individually

and in his official capacity).

Releasing Party alleged he suffered damages or injuries as a result of POHA establishing

a consulting business through POHAIC, without providing any compensation to him. In the

Complaint filed in the above-styled lawsuit (the "Lawsuit"), Releasing Party asserted causes of

1

action for Civil Rights violations, RICO violations, misappropriation of trade secrets, negligent misrepresentation, breach of implied contract, fraud, state taking, theft of property, theft of services, and theft of trade secrets. Releasing Party has also asserted a claim for attorneys' fees. Releasing Party's claims are more fully set forth in Releasing Party's pleadings, which are incorporated by reference. Released Parties appeared through their counsel of record and denied all of the allegations of Releasing Party.

The Releasing Party recognizes that there is considerable doubt, disagreement, and uncertainty about the liability of the Released Parties and about whether the Released Parties are liable for any amount of the damages alleged in the Lawsuit. Releasing Party further recognizes that there is further doubt, disagreement, uncertainty, and controversy about the existence, nature, severity, and degree of the damages alleged by the Releasing Party. Released Parties, denying any liability, but acting only in the interest of peace and of avoiding the expense and uncertainty of further litigation, hereby make the following Final Release and Settlement Agreement with Releasing Party and his attorneys.

In consideration for the release, covenants, promises, and representations set forth below, Port of Houston Authority agrees to pay jointly to Edward Christian Bedford and his attorneys, Grover G. Hankins and Dwight E. Jefferson, the total sum of FORTY-FIVE THOUSAND AND NO/100 DOLLARS ($45,000.00).

The Releasing Party agrees to indemnify and defend Released Parties forever against any third-party claims, loss, expense, damage, and/or attorneys' fees arising out of or connected with any claim relating to the conduct or claims made the basis of the Lawsuit. This indemnity agreement shall apply regardless of the degree of fault, negligence, or culpable conduct alleged against or attributed to Released Parties.

2

In consideration for the payment described above and other good and valuable consideration, Releasing Party irrevocably and unconditionally releases, discharges, and forever holds harmless Released Parties, and all of their commissioners, directors, officers, agents, employees, attorneys, affiliated companies, subsidiaries, parent corporations, legal representatives, heirs, assigns, insurance carriers, predecessors, indemnitors, and all other entities that may be liable for the acts or omissions of the Released Parties of and from any and all claims, demands, and causes of action arising out of or in any way connected with any claims, demands, causes of action, liabilities, obligations, lawsuits, judgments, attorneys' fees, liens of any kind, or charges of any kind or nature whatsoever, whether based in tort, contract, debt, warranty, or other statutory or common law form of action, whether in law, equity, or any other form, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, fixed or contingent, that exist now or may exist in the future, liquidated or unliquidated, that were or could have been asserted in the Lawsuit, and for all losses and damages of any kind, including, but not limited to, actual damages, incidental damages, economic damages, loss of use, loss of credit, loss of reputation, mental anguish, lost profits, attorneys' fees, and exemplary damages, sustained by Releasing Party as a result of the conduct or claims made the basis of the Lawsuit.

The Releasing Party also represents the following to the Released Parties:  1) the Releasing Party understands that this Agreement is a full, complete, and final release of the Released Parties; and 2) the Releasing Party understands that the $45,000.00 payment described in this Agreement is all the money that is to be paid by or on behalf of the Released Parties to the Releasing Party as a result of the conduct or claims made the basis of the Lawsuit.

The Releasing Party agrees to file motions to dismiss with prejudice (with proposed order) the Released Parties from the Lawsuit.

For the same consideration, Releasing Party and his attorneys agree to keep confidential and secret the amount of consideration paid under the terms of this Agreement, and the details of this Agreement, except disclosure that is required by law or court order.  Releasing Party and his attorneys also agree that this secrecy agreement applies not only to Releasing Party, but also to the family of Releasing Party and to all employees and members of the law firms of Releasing Party's counsel.  Further, Releasing Party and his attorneys expressly agree to decline comment on any aspect of this settlement or lawsuit to any member of the news media or public, unless required by law or permitted by Released Parties.

Edward Christian Bedford represents to the Released Parties that he is over 21 years of age and is competent to make this Final Release and Settlement Agreement.  Edward Christian Bedford understands that this is a complete and final release of his claims against Released Parties.  Edward Christian Bedford is entering into this Final Release and Settlement Agreement freely and voluntarily, upon the advice of his attorneys.  No promises or representations, or statements of Released Parties, other than those contained herein, have influenced Edward Christian Bedford in the making of the Final Release and Settlement Agreement.  Edward Christian Bedford represents that he does not claim to have  sustained any injuries, losses, or damages other than those alleged in his most recent pleading, and Edward Christian Bedford intends this Final Release and Settlement Agreement to be the final and conclusive settlement of any and all of his claims against Released Parties.

IN WITNESS WHEREOF, the parties hereto have executed this Final Release and Settlement Agreement on this the ____ day of June, 2005.


_____
Edward Christian Bedford

4

STATE OF TEXAS          )
                        )
COUNTY OF HARRIS        )

BEFORE ME, the undersigned authority, on this day personally appeared Edward Christian Bedford, who, being by me duly sworn, on his oath stated that he has read the above and foregoing Final Release and Settlement Agreement, that he understands it, and that he executed it for the purposes of consideration stated in it.

SWORN TO AND SUBSCRIBED BEFORE ME this _____ day of June, 2005.

_____
Notary Public, State of Texas

I hereby certify that I have fully and completely explained the foregoing Final Release and Settlement Agreement to Edward Christian Bedford, and that he has read and signed it in my presence; and that all legal fees and expenses will be received by the undersigned counsel out of the consideration recited in the Final Release and Settlement Agreement, or from Edward Christian Bedford, directly, but not from the Released Parties.

THE HANKINS LAW FIRM

By:_____
GROVER G. HANKINS
Attorney for Plaintiff,
Edward Christian Bedford

DATE: _____

DWIGHT E. JEFFERSON
   ATTORNEY AT LAW, PLLC


By:_____
DWIGHT E. JEFFERSON
Attorney for Plaintiff,
Edward Christian Bedford

DATE: _____

6



**THE HANKINS**
**L A W ◆ F I R M**
ATTORNEYS & COUNSELORS AT LAW, P.L.L.C

**Grover G. Hankins**
*Attorney/Mediator/Arbitrator*

**Nichelle L. Jenkins**
*Attorney*                                                June 15, 2005

**Nancy S. Alcocer**
*Certified Legal Assistant*

Mr. Alvin L. Zimmerman
3040 Post Oak Blvd., Ste 1300
Houston, TX 77036   *VIA FACSIMILE*

Dear Alvin:

    The reason stated by Mr. Bedford for his refusal to sign the settlement documents is that the settlement agreement provided to him by Dwight Jefferson via fax (despite having his initials appearing on each page and his having signed it along with everyone else) is not the same document he signed on the day of the mediation.  In other words, it was altered in some way.

    Obviously, this is not true and he unreasonably refuses to consummate the settlement.  Dwight and I met with him at his home last Saturday to try to reason with him and to explain to him the consequences oh his actions to no avail.

Sincerely,

*Grover G. Hankins*

Grover G. Hankins

Ggh/mnf

cc:   Mr. Dwight Jefferson 713-993-0699
      Mr. Grant Cook 713-654-1871
      Mr. David Brown 713-615-5308
      Mr. Gene Locke 713-220-4285

**EXHIBIT**
**D**

## ZIMMERMAN, AXELRAD, MEYER, STERN & WISE, P.C.
### ATTORNEYS AT LAW

Alvin L Zimmerman
CHAIRMAN · SHAREHOLDER

*FELLOW · INTERNATIONAL ACADEMY OF MEDIATORS*
*FELLOW · AMERICAN SOCIETY OF CIVIL TRIAL MEDIATORS*

3040 POST OAK BOULEVARD
SUITE 1300
HOUSTON, TEXAS 77056-6560

TELEPHONE (713) 552-1234
FAX (713) 963-0859
E-MAIL azimmerman@zimmerlaw.com

June 15, 2005

Mr. Grover G. Hankins
The Hankins Law Firm
616 W. Main Street
League City, Texas 77573

Mr. Dwight Jefferson
Attorney at Law
Twelve Greenway Plaza, Suite 1550
Houston, Texas 77046

Re:   No. H-03-4374; *Edward Christian Bedford v. Port of Houston Authority, et al.*; In the United States District Court for the Southern District of Texas, Houston Division

Gentlemen:

As the binding arbitrator of disputes regarding the documents and closure of this matter, I have had the opportunity to review the request of the defendants for Mr. Bedford to personally sign all documents submitted to his lawyer and attached to Mr. Locke's package to me accompanying his letter dated June 14, 2005, requesting my services.

It is my final decision as the arbitrator that Mr. Bedford shall forthwith sign all documents so referenced on or before June 16, 2005, at 5 p.m. by going to the office of his attorney, Grover Hankins and signing them in the presence of Mr. Hankins or his office personnel. I will also request a letter signed by Mr. Hankins that Mr. Bedford signed the documents in the presence of Mr. Hankins or a member of his office. All closing documents shall be returned to Mr. Locke at his office no later than 9 a.m. June 17, 2005. Mr. Bedford will be in breach and default of the Mediated Settlement Agreement if this Decision is not timely completed thereby obligating Mr. Bedford to such expenses, costs, and attorneys' fees of defendants to enforce the Mediated Settlement Agreement as provided by law.



EXHIBIT
E

Mr. Grover G. Hankins
Mr. Dwight Jefferson
June 15, 2005
Page 2


On a personal note, I would hope that Mr. Bedford merely misunderstood the procedure requested, and that now that he is informed by this letter, he will fully and timely comply

Sincerely,

Alvin L. Zimmerman

mjs
By Telefax

cc:   Grant Cook
      David H. Brown
      Gene L. Locke

ALZ:\MEDIATE\bedford-13305\atty3ltr.wpd

### ZIMMERMAN, AXELRAD,
### MEYER, STERN & WISE, P.C.
ATTORNEYS AT LAW

3040 POST OAK BOULEVARD
SUITE 1300
HOUSTON, TEXAS 77056-6560

_____

TELEPHONE  (713) 552-1234
FAX  (713) 963-0859
E-MAIL:  info@zimmerlaw.com

# Fax Cover Sheet

**To:**   Gene L. Locke

**Fax#:**  713-238-7369

**From:**  Margaret Schoener

**Subject:**  Bedford Matter

**Date:** Wednesday, Jun 15, 2005   03:53PM

**Pages :**  3   , including this cover sheet.

**Message:**  See enclosed letter.

**Client/Matter#:**

**Transmitting Operator:**   Margaret Schoener

*If you have problems receiving this facsimile, please contact the transmitting operator at:*
*(713)552-1234*
*For return telecopying, our facsimile number is (713)963-0859.*

*This material telecopied herewith constitutes privileged and proprietary information and is intended for the exclusive use of the person whose name is indicated above. Any use or dissemination of the material telecopied herewith, except by the person whose name is indicated above, is not authorized. If this telecopy is received in error, the material telecopied herewith should be destroyed immediately and the transmitting operator listed above called at (713)552-1234.*