IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
6-24-05
MICHAEL N. MILBY, CLERK
BY DEPUTY

| | |
|---|---|
| EDWARD CHRISTIAN BEDFORD, § § Plaintiff, § § v. § § PORT OF HOUSTON AUTHORITY, § PORT OF HOUSTON AUTHORITY § INTERNATIONAL CORPORATION, § CAMAC HOLDINGS, INC., § ARTHUR ANDERSON L.L.P. § KASE LAWAL (INDIVIDUALLY), § JOHN RYDLUND (INDIVIDUALLY), § AND JOHN HORAN (INDIVIDUALLY), § § DEFENDANTS. § | Case No. H-03-4374 |

## KASE LAWAL'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

**COMES NOW**, Kase Lawal, in his individual capacity, one of the Defendants in the above-entitled and numbered cause and makes and files this Motion to Enforce the Settlement Agreement heretofore reached between all parties and as grounds therefore would show unto the Court the following:

1.  The Defendants, Port of Houston Authority, Port of Houston Authority International Corporation, John Horan and John Rydlund have previously filed their Motion to Enforce Settlement Agreement and Arbitration Award. The Defendant Lawal hereby

adopts all of the statements of fact and allegations contained in such Motion and joins with those Defendants in their request that the Settlement Agreement heretofore executed by all parties to this lawsuit and the arbitration award enforcing the Settlement Agreement as well be enforced by the Court.

The Court is fully authorized to enforce the Settlement Agreement in this case by entering a Judgment in accordance with the Agreement. *Slotta v. Texas A&M University System*, 1994 US Dist. LEXIS 2/12/05 (attached).

WHEREFORE, the Defendant Kase Lawal respectfully prays that the Court enter a Judgment in accordance with the Settlement Agreement which Plaintiff previously executed and for such other and further relief to which this Defendant may show himself justly entitled.

                                          Respectfully submitted,

                                          By: _____
                                             Grant Cook
                                           State Bar No. 04732000
                                           Southern District of Texas Bar No. 5005
                                           *Attorney in Charge*

OF COUNSEL:
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002-4499
Telephone: 713-654-8111
Telecopier: 713-654-1871
ATTORNEYS FOR DEFENDANT
KASE LAWAL (INDIVIDUALLY)

## CERTIFICATE OF CONFERENCE

The Defendant of Kase Lawal adopts the Certificate of Conference previously filed by the other Defendants in this case in connection with their Motion to Enforce the Settlement.

_____
GRANT COOK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on the following via hand delivery on the 24th day of June, 2005.

Gene L. Locke
Sylvia Matthews Egner
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002

Grover G. Hankins
The Hankins Law Firm
616 W. Main St.
League City, Texas 77573

Dwight E. Jefferson
Dwight E. Jefferson Attorney at Law, PLLC
12 Greenway Plaza, Suite 1550
Houston, Texas 77046

_____
Grant Cook

LEXSEE 1994 US DIST LEXIS 21205

DR. LARRY S. SLOTTA vs. TEXAS A&M UNIVERSITY SYSTEM, et al.

CIVIL ACTION NO. G-93-92, consolidated with G-93-125

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION

*1994 U.S. Dist. LEXIS 21205*

**August 9, 1994, Decided**
**August 10, 1994 Entered**

**DISPOSITION:** [*1] Defendants' motion to dismiss DENIED.

**CORE TERMS:** tenure, wages, settlement, settling, services performed, remuneration, withholding, negotiation, unilateral, settlement agreement, tenured, subject to withholding, summarily, withhold, motion to dismiss, reasonable interpretation, agreed to pay, questionable, memorialized, apportioned, mediation, settle, typed

**COUNSEL:** For LARRY S SLOTTA, Dr, plaintiff: Bruce A Coane, Coane & Associates, Houston, TX.

For TEXAS A&M UNIVERSITY SYSTEM OR TEXAS A&M UNIVERSITY - GALVESTON, HERBERT H RICHARDSON, Dr, WILLIAM E EVANS, Dr, JAMES M MCCLOY, Dr, ROBERT DUCE, Dr, DAVID J SCHMIDLY, Dr, TYNE-HSIEN CHANG, Dr LAWRENCE HICKS, WILLIAM J MERRELL, Dr, defendants: Phillip Edward Marrus, AAG, Austin, TX. For LEON LUXEMBURG, Dr, defendant: Laurence Wade Watts, Watts and Associates, Houston, TX.

**JUDGES:** SAMUEL B. KENT, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** SAMUEL B. KENT

**OPINION:**

### ORDER ON MOTION TO DISMISS

Plaintiff Larry Slotta sued his employer, Texas A&M University - Galveston (TAMUG), and others for various constitutional and state torts related to the Defendants' treatment of his employment as a tenured professor at TAMUG. After an eleven-hour mediation, all parties except Defendant Leon Luxemburg ("the settling Defendants") reached a settlement agreement wherein, among other things, the settling Defendants agreed to pay Slotta $150,000 and Slotta agreed to resign. The parties memorialized this agreement both in a three-page handwritten document at the mediation and in [*2] a subsequent four-page typed document. Although detailed in many other respects, neither document specifies any particular claims to which the $150,000 should be apportioned, nor makes any reference to the effects of federal tax laws on the amount to be paid.

Nonetheless, seven months after reaching this settlement the Defendants tendered only $125,395 as full payment of the settlement. The Defendants somehow arrived at the unilateral "good faith belief" that $83,546 of the settlement represented payment for the relinquishment of Slotta's tenure rights, and therefore is subject to mandatory federal income and employment tax withholding, citing *Priv. Ltr. Rul. 8648027* (Aug. 28, 1986). Understandably, the Plaintiff refused this tender. Now the Defendants move to dismiss the case as settled, on the sole grounds that they were required to withhold the remaining $24,605.00 as tax on the purchase of Slotta's tenure rights.

An employer such as TAMUG is required to withhold certain federal taxes from payments of "wages." See, e.g., *26 U.S.C. § 3402* (income tax withholding). "Wages" are defined as "all remuneration ... for services performed by an employee for his employer ...." [*3] *26 U.S.C. § 3401*.

According to the Treasury Regulations, wages also include "any payments made by an employer to an employee on account of dismissal, that is, involuntary separation from the service of the employer, ... regardless of whether the employer is legally bound by contract, statute, or otherwise to make such payments." Treas. Reg. § 31.3401(a)-1(b)(4). However, the Court has located no statute giving the Treasury Department the discretion to make such a regulation to the extent that it expands on the statutory definition of "wages." Therefore, a dismissal payment is not subject to withholding if it cannot be fairly classified as remuneration for services performed. For example, the

IRS has conceded that the lump-sum buy-out of the remaining three years of a five-year employment contract does not constitute "wages" for the purpose of withholding, although it is certainly income, because these breach of contract damages do not relate to past service. *Rev. Rul. 58-301, 1958-1 C.B. 23.*

On the other hand, the IRS has taken the position that payments made by a university to terminate employment agreements with tenured faculty members are wages under *I.R.C. § 3121(a)* [*4] (incorporating the same definition of wages for purposes of FICA withholding). *Priv. Ltr. Rul. 8648027* (Aug. 28, 1986). In this ruling, the IRS reasoned that tenure is granted by a unilateral decision of the university rather than through negotiation, and "because the individual's prior performance of services for the University (or another academic institution) is the primary determinant for a grant of tenure, the grant of tenure is derived primarily from the employee's past performance of services." Therefore, the IRS claims, the termination payment is for services performed, rather than for the cancellation of a contract. This ruling forms the basis of TAMUG'S refusal to pay all of Slotta's $150,000 settlement.

Even without the part of the above-quoted language which appears in parentheses, however, this interpretation of the statute is highly questionable. A university does not owe tenure to any non-tenured employee. The possibility of tenure is offered to attract and retain quality personnel. Although under university guidelines a young faculty member may not be eligible for tenure until a certain number of years have passed, the offer of tenure can only reasonably be considered [*5] an offer for a contract of more stable future employment, and not as payment for past services. When the tenure contract is breached, the professor's damages are for lost future employment, not the loss of remuneration for services already performed. Furthermore, the fact that the contract is not generally reached through negotiation is immaterial, a contract reached through the acceptance of a unilateral offer is no less a contract than one reached after lengthy haggling.

More importantly, however, the further parenthetical statement in Ruling 8648027 — that the purchase of tenure achieved through performance at another institution constitutes "wages" — lacks any basis in logic or the language of *I.R.C. § 3401*. Again, the statute defines wages as remuneration "for services performed by an employee for his employer." The theory that tenure could be the payment by one university to an individual for his past services to another employer is simply ridiculous. The university makes the offer of tenure, like the offer of any other attractive contract, simply to entice the individual to perform future services.

This latter situation is exactly that existing in the case [*6] at hand. Slotta did not "earn" tenure at TAMUG; TAMUG offered him tenure as a term of his initial employment. Therefore, under no reasonable interpretation of the facts could the purchase of Slotta's tenure rights be considered payment for services performed.

Furthermore, even if the purchase of Slotta's tenure rights were subject to withholding, the Court would order payment of the full $150,000 for which the Defendants agreed to settle this case. The detailed settlement agreements executed by the Defendants do not in any way qualify the monetary sum to which the Defendants agreed to pay Slotta, or otherwise allow for the payment of less than $150,000 for any reason. While the later typed version of the agreement does state that in consideration for the $150,000 payment Slotta "additionally relinquishes all rights, claims and privileges relative to his tenured position," no reasonable interpretation of the agreement would permit TAMUG to unilaterally decide how much of that sum should be apportioned to that consideration and whether that sum is "wages" for the purpose of withholding. The agreement does not classify any portion of the payment as being for past services and, [*7] in fact, an entirely separate portion of the agreement provides for Slotta to continue receiving his monthly salary through the end of the school year. There is no evidence that, at any point in the settlement negotiations, TAMUG ever disclosed its intent to attempt to pay Slotta less than the $150,000 agreed to. Therefore, to the questionable extent that the agreement does expose TAMUG to tax liability, the Defendants through their silence assumed this responsibility upon themselves, and objectively bound themselves to pay the full amount settled upon. Their refusal to do so can only be characterized as dilatory and in bad faith.

"[A] settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33, 35 (5th Cir. 1967).* Accordingly, because the Defendants' own evidence conclusively establishes that they are not entitled to such a dismissal, and that in fact the Plaintiff is entitled to the entry of judgment on the settlement, the Defendants' motion to dismiss is emphatically DENIED, the Plaintiff's claims against the settling Defendants are SEVERED from those against Defendant [*8] Luxemburg, and the Court sua sponte enters a judgment in favor of the Plaintiff and against the settling Defendants in the sum of $150,000.00. See *Howard v. Chris-Craft, 562 F. Supp. 932, 936 (E.D. Tex. 1982)* ("Federal courts have the inherent power to summarily enforce settlement agreements entered into by the

parties litigant in a pending case."); *Petkovsek v. Board of Pardons & Paroles of Texas, 785 F. Supp. 82, 85 (E.D. Tex. 1992)* (entering judgment on disputed settlement agreement). If the parties can present to the Court compelling and relevant new evidence or legal authority affecting this issue, which they could not through the exercise of due diligence have presented on original submission of this motion, the parties are, of course, invited to bring these to the Court's attention. Otherwise, the parties are further ORDERED to file no further pleadings on this issue in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

IT IS SO ORDERED.

Done this [*9] 9th day of August, 1994, at Galveston, Texas.

SAMUEL B. KENT

UNITED STATES DISTRICT JUDGE

**FINAL JUDGMENT**

Defendants Texas A&M University System, Texas A&M University-Galveston, Dr. Herbert Richardson, Dr. William J. Merrell, Dr. William E. Evans, Dr. James M. McCloy, Dr. William A Seitz, Dr. David J. Schmidly, Dr. Tyne-Hsien Chang, and Lawrence Hicks (hereinafter "Settling Defendants") have agreed with Plaintiff Larry S. Slotta to compromise and settle all of their claims against each other in this lawsuit. These parties memorialized the substance of their agreement in documents dated January 10, 1994, and April 4, 1994. In accordance with the terms of that agreement, and for the reasons stated in this Court's Order of this same date, it is hereby

**ORDERED** that Plaintiff Larry S. Slotta recover of the Settling Defendants the sum of **$150,000,** plus post-judgment interest on this amount at the rate authorized by *28 U.S.C. § 1961.* It is further

**ORDERED** that Plaintiff recover of the Settling Defendants any taxable costs incurred after today's date only.

All other claims for relief from and by these parties is hereby **DENIED.**

THIS IS A FINAL [*10] JUDGMENT.

IT IS SO ORDERED.

Done this 9th day of August, 1994, at Galveston, Texas.

SAMUEL B. KENT

UNITED STATES DISTRICT JUDGE